

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00438-CV

**BRAZOS COUNTY APPRAISAL DISTRICT,**

                                                        **Appellant**

 **v.**

**BRYAN-COLLEGE STATION REGIONAL
ASSOCIATION OF REALTORS, INC.,**

                                                        **Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-000629-CV-85

_____

## O P I N I O N
_____

The Bryan-College Station Regional Association of Realtors sought to take

advantage of a newly enacted tax statute which, if the Association met all of its

requirements, would permit the exemption of Association property from taxation. The

Brazos County Appraisal District denied the exemption because it believed the statute

to be unconstitutional. After the Association's protest was also denied, it filed suit in

district court. The Appraisal District sought a summary judgment on the grounds that

the statute was unconstitutional.  Its motion was denied.  The Association then sought summary judgment on the grounds that it met the requirements of the statute. Summary judgment in favor of the Association was granted.  We affirm the trial court's judgment as modified.[1]

**PUBLIC CHARITABLE FUNCTIONS**

In its first two issues on appeal, the Appraisal District contends that the trial court erred in granting summary judgment in favor of the Association because section 11.231 of the Texas Tax Code is unconstitutional, and if it is constitutional, the Association produced no summary judgment evidence to prove that it qualified for an exemption under any provision of Article VIII, Section 2 of the Texas Constitution.

Section 2(a) of Article VIII authorizes the Texas Legislature to exempt certain public property from taxation.  TEX. CONST. art. VIII, § 2(a).  Any law exempting property not mentioned in this particular section is "null and void."  *Id*.  The property at issue here is of "institutions engaged primarily in *public charitable functions*, which may conduct auxiliary activities to support those charitable functions; …"  *Id*. (emphasis added).  In 1999, section 2(a) was amended to broaden the base of institutions that could benefit from a tax exemption.  *See generally* House Research Organization, "Proposed

---

[1] The constitutionality of an exemption for the Association's property appears to be an issue of first impression.  According to the Amicus Curiae, Texas Association of Realtors, appraisal districts in El Paso, Taylor, Tarrant, Collin, Hood, Denton, Lubbock, Parker, Smith, Cameron, Burnet, Dallas, Erath, McLennan, and Williamson Counties have granted the exemption to realtor associations while appraisal districts in Brazos, Gillespie, Nueces, Bell, Hidalgo, Kerr, and Bexar Counties have denied the exemption to realtor associations

Constitutional Amendments: November 1999 Election," August 9, 1999 (retrieved from http://ballotpedia.org/wiki/index.php/Texas_Proposition_4_(1999) on March 5, 2013). With that amendment, the phrase "engaged primarily in public charitable functions" replaced the prior phrase "purely public charity." *Id*. "Public charitable functions" is not defined by the Constitution.

The Legislature has sought to implement article VIII, § 2(a) by proposing and adopting section 11.231 of the Texas Tax Code which became effective in January of 2010. TEX. TAX CODE ANN. § 11.231 (West Supp. 2012). This particular section exempts from taxation property of nonprofit community business organizations which provide economic development services to local communities. *Id*. To qualify for an exemption under this section, the organization must be a "nonprofit community business organization" which is "engaged primarily in performing one or more of the following functions in the local community: (1) promoting the common economic interests of commercial enterprises; (2) improving the business conditions of one or more types of business; or (3) otherwise providing services to aid in economic development." *Id*. (b), (d).

The Appraisal District argues that section 11.231 is unconstitutional because a nonprofit community business organization is not an institution that is engaged primarily in public charitable functions. Specifically, the Appraisal District argues that

the functions defined in section 11.231(d) are not *charitable* functions. We disagree with the Appraisal District.

In *Boyd v. Frost National Bank*, the Texas Supreme Court addressed the validity of a trust created for "charitable purposes." *Boyd v. Frost National Bank*, 196 SW.2d 497, 499 (Tex. 1946). Relatives challenged the trust's reference to "charitable purposes" as being too vague and indefinite for the trustee to enforce. *Id*. The Supreme Court rejected the relatives' challenge. According to the Supreme Court, "charitable purpose" has a fixed and definite meaning in law such that a determination may be made on whether a given purpose is charitable. *Id*. at 501. The Supreme Court upheld the will's use of the phrase "charitable purposes," and identified the following functions as "charitable purposes:"

1) the relief of poverty;

2) the advancement of education;

3) the advancement of religion;

4) the promotion of health;

5) *governmental or municipal purposes*; and

6) *other purposes the accomplishment of which is beneficial to the community*.

*Id*. at 502; (citing RESTATEMENT (SECOND) OF TRUSTS §368 (1959)) (emphasis added).

The Appraisal District urges us to follow cases applying a former version of Article VIII, section 2(a) when determining whether the functions listed in section 11.231(d) of the Tax Code are "charitable functions." *See City of Houston v. Scottish Rite Benevolence Ass'n*, 111 Tex. 191, 230 S.W. 978, 981 (1921) (an institution was one of "purely public charity" where: first, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefited persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the State), and *River Oaks Garden Club v. Houston*, 370 S.W.2d 851, 854 (Tex. 1963) (same). We have rejected this type of argument before. In *McLennan County Appraisal District v. American Housing Foundation*, the appraisal district urged this Court to apply cases construing former Article VIII § 2(a), which exempted "institutions of purely public charity." *McLennan County Appraisal District v. American Housing Foundation*, 343 S.W.3d 509, 511 (Tex. App.—Waco 2011, pet. denied). We rejected the "purely public charity" test and explained that the word 'purely' no longer appeared in the constitutional definition of qualifying institutions. *Id.*; *see* TEX. CONST. ART. VIII, § 2(a). Thus, we held, the issue now is whether the owner of the property is "engaged *primarily* in public charitable functions." *Id*.

We find the definition of a charitable purpose found in *Boyd* to be more persuasive in determining whether the functions set out in section 11.231(d) are, "public charitable functions." In our view, a charitable purpose is, at least, no less broad in

scope than a charitable function. In other words, a charitable purpose is a subset of charitable function. This view corresponds with the general purpose of the 1999 amendment of Section 2(a). Thus, we hold that the phrase "public charitable function" includes, at a minimum, everything that the Supreme Court has considered in *Boyd* to be a "charitable purpose." Further, promoting a local community's common economic interests of commercial enterprises; improving the business conditions of one or more types of business of a local community; or otherwise providing services to aid in economic development for a local community are at least included within the *Boyd* charitable purpose of "other purposes the accomplishment of which is beneficial to the community." *Boyd*, 196 SW.2d at 502. And because we find "charitable purpose" is a subset of "charitable function," section 11.231 of the Texas Tax Code does not violate Article VIII, Section 2(a) of the Texas Constitution.

The Appraisal District's first issue is overruled.

The Appraisal District also argues that the Association did not prove it met the "charitable purpose" requirement of Article VIII, Section 2(a) of the Texas Constitution. *See McLennan County Appraisal Dist. v. Am. Hous. Found.*, 343 S.W.3d 509, 511 (Tex. App.—Waco 2011, pet. denied) ("Before an organization can be considered for qualification for tax exempt status under . . . the Texas Tax Code, that organization must first meet the applicable constitutional requirements which entitle those organizations

to seek the exemption," *quoting North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991)).

In support of its motion for summary judgment, the Association provided evidence by affidavit that it was a nonprofit community business organization engaged primarily in performing one or more of the following functions in the local community: (1) promoting the common economic interests of commercial enterprises; (2) improving the business conditions of one or more types of business; or (3) otherwise providing services to aid in economic development. The Appraisal District neither challenges this evidence on appeal nor at the trial court. Thus, the Association proved its qualifications for the exemption under the statute. Because we have held that those qualifications are included within the definition of charitable purposes which is a subset of charitable functions, the Association has also proved it met the requirements of Article VIII, Section 2(a) of the Texas Constitution.

The Appraisal District's second issue is overruled.

### ATTORNEY'S FEES

Lastly, the Appraisal District contends that the trial court erred in awarding attorney's fees to the Association. In Texas, attorney's fees are recoverable from an opposing party only when authorized by statute or by contract between the parties. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *Midland Cent. Appraisal Dist. v. BP Am. Prod. Co.*, 282 S.W.3d 215, 225 (Tex. App.—Eastland 2009, pet.

denied). The Association asserts that attorney's fees were authorized by section 42.29 of the Tax Code. The trial court awarded attorney's fees in the amount of $8,000 to the Association pursuant to section 42.29.

Section 42.29 provides that a "property owner who prevails in an appeal to the court under Section 42.25 or 42.26 may be awarded reasonable attorney's fees." TEX. TAX CODE ANN. § 42.29 (West Supp. 2012). Section 42.25 provides a remedy for an excessive appraisal, entitling the owner to a reduction of the appraised value on the appraisal roll. *Id*. § 42.25 (West 2008). Section 42.26 provides a remedy for the unequal appraisal of property in relation to the appraised values of other properties. *Id*. § 42.26 (West 2008). Sections 42.25 and 42.26 do not apply to this case because the Association did not challenge the appraised value of its property; it challenged the Appraisal District's denial of a tax exemption. Consequently, since the Association did not prevail on a claim "under Section 42.25 or 42.26," attorney's fees were not authorized by section 42.29. *See Midland Cent. Appraisal Dist.*, 282 S.W.3d at 225.

If the legislature had intended for attorney's fees to be recoverable in a case of this type, it could have included in its section 42.29 authorization of attorney's fees an appeal challenging the denial of an exemption. *Id*. The legislature specifically authorized such protests in section 41.41(a). TEX. TAX CODE ANN. § 41.41(a) (West 2008) (listing nine distinct actions that may be protested by taxpayer, including: excessive value, unequal appraisal, denial of an exemption, ownership, and inclusion on tax roll).

The legislature, however, did not authorize attorney's fees for all such protests. Section 42.29 authorizes attorney's fees for only two distinct types of protest: excessive value and unequal appraisal. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77-79 (Tex. 1992); *Midland Cent. Appraisal Dist.*, 282 S.W.3d at 225. The Association's protest cannot be categorized as falling within either of those two. *See id*.

Accordingly, the Appraisal District's third issue is sustained.

**CONCLUSION**

Having sustained the Appraisal District's third issue, we modify the trial court's final summary judgment signed on August 26, 2011 to delete its order awarding attorney's fees to the Association.

Having overruled the remaining issues, we affirm the judgment of the trial court as modified.

<div style="margin-left:40%">

TOM GRAY
Chief Justice

</div>

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed April 18, 2013
[CV06]