# IN THE SUPREME COURT OF TEXAS

No. 07-0010

GALVESTON CENTRAL APPRAISAL DISTRICT, PETITIONER,

v.

TRQ CAPTAIN'S LANDING, A TEXAS LIMITED PARTNERSHIP AND AMERICAN
HOUSING FOUNDATION, A TEXAS NON-PROFIT CORPORATION, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**Argued January 15, 2008**

CHIEF JUSTICE HECHT delivered the opinion of the Court.

This case, like *AHF-Arbors at Huntsville I, LLC v. Walker County Appraisal District*,[1] concerns the ad valorem tax exemption available under section 11.182 of the Texas Tax Code for property that a community housing development organization ("CHDO") "owns". One issue, as in *AHF-Arbors*, is whether a CHDO must have legal title to the property to qualify for the exemption. We held in *AHF-Arbors* that equitable title is sufficient. Another issue, not present in *AHF-Arbors*, is whether the CHDO's application for an exemption was timely. We hold that it was. Accordingly, we affirm the judgment of the court of appeals and remand this case to the trial court.[2]

---

[1] 410 S.W.3d 831 (Tex. 2012).

[2] 212 S.W.3d 726 (Tex. App.–Houston [1st Dist.] 2006).

TRQ Captain's Landing, L.P., has legal title to Captain's Landing Apartments. American Housing Foundation formed and became the sole member of CD Captain's Landing, LLC, which in turn acquired TRQ by purchasing the limited partners' 99% interest and acquiring TRQ's general partner, which owns 1% of the limited partnership. Thus, the Foundation completely controls the LLC, which owns and controls the LP, which owns the apartments.

The Foundation, a Texas nonprofit corporation, is a CHDO; the LLC and the LP are not.[3] The LLC, the day it acquired the LP, applied for a tax exemption under section 11.182. Section 11.182(b) states that "[a]n organization is entitled to an exemption from taxation of improved or unimproved real property it owns" if the organization is a CHDO and meets certain other

_____

[3] As we explained in *AHF-Arbors*:

> CHDOs are a creation of the Cranston-Gonzalez National Affordable Housing Act of 1990, as amended. NAHA authorized the United States Department of Housing and Urban Development's HOME Investment Partnerships Program, which uses block grants to leverage local government and private funds to provide decent and affordable housing for low-income families. A portion of the grants must be set aside for CHDOs. As defined by Section 12704 of the Act, a CHDO is a nonprofit corporation that
>
> > (A) has among its purposes the provision of decent housing that is affordable to low-income and moderate-income persons;
> >
> > (B) maintains, through significant representation on the organization's governing board and otherwise, accountability to low-income community residents and, to the extent practicable, low-income beneficiaries with regard to decisions on the design, siting, development, and management of affordable housing;
> >
> > (C) has a demonstrated capacity for carrying out activities assisted under this Act; and
> >
> > (D) has a history of serving the local community or communities within which housing to be assisted under this Act is to be located.

410 S.W.3d at 832-833 (quoting 42 U.S.C. § 12704(6) (footnotes and parentheticals omitted)).

requirements.[4] The Galveston Central Appraisal District denied the exemption on the ground that the LLC did not own the property. The LP filed a notice of protest, providing records to show the relationship between the property, the LP, the LLC, and the Foundation, and the Foundation's status as a CHDO, but the Appraisal Review Board denied the protest. The Foundation and the LP then sued for a declaration that they are entitled to the exemption. The trial court granted summary judgment for the District and denied the plaintiffs' motion for partial summary judgment.

A divided court of appeals reversed, holding that "an otherwise qualified equitable property owner may obtain an exemption from ad valorem taxes pursuant to subsection 11.182(b)",[5] and that plaintiffs' application for an exemption was timely under section 11.436.[6] We granted the District's petition for review,[7] but after we heard oral argument, the Foundation sought protection in

---

[4] Section 11.182(b) states in full:

An organization is entitled to an exemption from taxation of improved or unimproved real property it owns if the organization:

(1) is organized as a community housing development organization;

(2) meets the requirements of a charitable organization provided by Sections 11.18(e) and (f);

(3) owns the property for the purpose of building or repairing housing on the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family; and

(4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

TEX. TAX CODE § 11.182(b).

[5] 212 S.W.3d at 736.

[6] *Id*. at 737.

[7] 51 Tex. Sup. Ct. J. 32 (Tex. Oct. 12, 2007).

3

bankruptcy, and we abated the case.[8]  The bankruptcy trustee and the District now agree that this case is no longer stayed.  We therefore vacate our order abating this cause and reinstate this matter on the active docket.

While the case was abated, we addressed section 11.182(b)'s ownership requirement in *AHF-Arbors*.  The CHDO in that case was Atlantic Housing Foundation, Inc., a South Carolina nonprofit corporation.[9]  Atlantic was the sole member of two limited liability companies — the "Arbors" — each of which owned an apartment complex as its sole asset.[10]  The Arbors unsuccessfully applied for the tax exemptions available to a CHDO, and sought judical review.[11]  We held that a CHDO's equitable ownership of property qualifies for an exemption under section 11.182(b), specifically noting our agreement with the reasoning of the court of appeals in the case now before us.[12]  *AHF-Arbors* is thus dispositive of the ownership issue in the present case.

The District here additionally contends that the application for an exemption was untimely.  Generally, eligibility for an exemption is determined as of January 1 of the year in which the exemption is sought, and a person must apply for the exemption before May 1 of that year.[13]  Because the plaintiffs did not apply for an exemption until December of the year at issue, on the day

---

[8] 52 Tex. Sup. Ct. J. 1153 (Tex. Aug. 28, 2009).

[9] 410 S.W.3d at 834.

[10] *Id*.

[11] *Id.*

[12] *Id.* at 838.

[13] TEX. TAX CODE §§ 11.42(a), 11.43(d).

4

the Foundation's LLC acquired the LP, the District argues that the application was late. But section 11.436(a) provided at the time:

> An organization that acquires property that qualifies for an exemption under Section 11.181(a) or 11.182(a) may apply for the exemption for the year of acquisition not later than the 30th day after the date the organization acquires the property, and the deadline provided by Section 11.43(d) does not apply to the application for that year.[14]

The District argues that the relevant occurrence was not the LLC's acquisition of the LP but the LP's acquisition of the apartments years earlier. We agree with the court of appeals that this argument is based on the District's position that an exemption must be based only on legal title, which we have rejected. Under section 11.436, the Foundation's application, made within thirty days of the date it acquired equitable title to the apartments, was timely.

Accordingly, the judgment of the court of appeals is

*Affirmed.*

_____
Nathan L. Hecht
Chief Justice

Opinion delivered: January 17, 2014

---

[14] TEX. TAX CODE § 11.436(a). This section was amended, effective 2004, in a way not relevant to this case. Act of June 1, 2003, 78th Leg., R.S., ch. 1156, § 4, 2003 Tex. Gen. Law 3256, 3260 (replacing references to section 11.182 with references to section 11.1825).

5