December 8, 2014

The Honorable Rafael Anchia
Chair, Committee on International Trade &
   Intergovernmental Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1092

Re: Charitable organization's tax exemption under section 11.18, Tax Code, for property leased to a limited partnership for the construction of improvements to be used to expand the charitable services (RQ-1205-GA)

Dear Representative Anchia:

You ask "whether a charitable organization may maintain a total property tax exemption authorized by Section 11.18 of the Tax Code when it leases property it owns to a limited partnership that would, in turn, fund and construct new improvements on the property controlled by the charitable organization, equitably owned by the charitable organization and used to expand the charitable organization's social services."[1]

You tell us that the charitable organization, the Deaf Action Center (the "Center"), is a nonprofit organization that serves deaf and hard-of-hearing people with a comprehensive range of social services. Request Letter at 1. You state that the Center owns apartment property that it rents to individuals who are deaf or hard-of-hearing and other individuals who receive housing assistance. *See id.* at 2. You note that the property has received a total exemption from ad valorem taxes under section 11.18 for several years. *See id.* at 1–2. You explain that the Center wants to expand the number of apartment units with the following proposed venture: the Center will demolish the property's existing improvements and lease the property to a limited partnership, which will construct new improvements to increase the number of units using a variety of funding mechanisms; the Center will manage and control the limited partnership through a wholly-owned general partner and retain legal title to the real property; and the Center will hold equitable title to the newly constructed improvements. *See id.* at 2. You explain further

---

[1]Letter from Hon. Rafael Anchia, Chair, Comm. on Internat'l Trade & Intergov'tl Affairs, to Hon. Greg Abbott, Tex. Att'y Gen. at 1 (June 5, 2014), https://www.texasattorneygeneral.gov/opin ("Request Letter").

that the increased rental revenue from the newly constructed improvements will allow the Center to continue to provide social services to its tenants. *See id.*

With this background, you ask us to determine that the Center will continue to qualify for a tax exemption under section 11.18 of the Tax Code after it completes the proposed expansion of its facilities utilizing the described plan. *Id.* at 4. The question of whether any specific property is tax exempt depends on particular facts. *See, e.g,* Tex. Att'y Gen. Op. No. GA-0485 (2006) at 1. "Moreover, the chief appraiser of the appraisal district in which the property is located is the authority to initially determine whether property is tax exempt." *Id.* at 1–2; *see also* TEX. TAX CODE ANN. § 11.45(a) (West 2008) ("The chief appraiser shall determine . . . each applicant's right to an exemption."). Accordingly, we cannot determine as a matter of law whether any particular property is exempt from taxation. We can, however, discuss the general legal principles applicable to your question.

The charitable tax exemption stems from article VIII, section 2 of the Texas Constitution, which provides that "the legislature may, by general laws, exempt from taxation . . . institutions engaged primarily in public charitable functions." TEX. CONST. art. VIII, § 2. In the implementation of this provision, the Legislature enacted section 11.18 of the Tax Code. *See* TEX. TAX CODE ANN. § 11.18 (West Supp. 2014); *see also N. Alamo Water Supply Corp. v. Willacy Cnty. Appraisal Dist.*, 804 S.W.2d 894, 895 (Tex. 1991) (noting that section 11.18 was enacted under article VIII, section 2). The charitable exemption in section 11.18 reaches buildings and tangible personal property and real property owned and used exclusively by the charitable organization. *See* TEX. TAX CODE ANN. § 11.18(a)(1)–(2) (West Supp. 2014), *see also id.* § 11.18(c)–(g) (identifying the qualifications of a charitable organization); *but see id.* § 11.18(b) (allowing some incidental use for activities that benefit the charitable organization's beneficiaries).

To qualify for the charitable exemption, an entity must satisfy both the constitutional and statutory requirements. *N. Alamo Water Supply Corp.*, 804 S.W.2d at 899. Under article VIII, section 2, the entity seeking the exemption must be engaged primarily in public charitable functions. TEX. CONST. art. VIII, § 2(a); *see Brazos Cnty. Appraisal Dist. v. Bryan-College Station Reg'l Ass'n of Realtors, Inc.*, 419 S.W.3d 462, 464 (Tex. App.—Waco 2013, pet. denied) (recognizing that a 1999 constitutional amendment to article VIII, section 2 broadened the provision by replacing the prior language "purely public charity" with the phrase "engaged primarily in public charitable functions"). Under section 11.18, the entity must "be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsections (h) and (*l*), engage exclusively in performing one or more of the [specified] charitable functions." TEX. TAX CODE ANN. § 11.18(d) (West Supp. 2014); *see* Request Letter at 3 (asserting the Center meets this qualification under section 11.18(d)(3)). Both section 11.18 and article VIII, section 2 allow the tax exemption only for property that a charitable organization owns and uses. TEX. CONST. art. VIII, § 2; TEX. TAX CODE ANN. § 11.18(a)(1), (2) (West Supp. 2014).

Because the nature of the proposed venture you describe involves the separation of the legal and equitable title of the property and improvements, you raise the issue of equitable title. *See* Request Letter at 3. Equitable title is "'the present right to [compel] legal title.'" *TRQ Captain's Landing, L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 732 (Tex. App.—Houston [1st Dist.] 2006) *aff'd*, 423 S.W.3d 374 (Tex. 2014) (citations omitted). Equitable title does not follow a mere expectation or a purely contingent interest. *See Tex. Tpk. Co. v. Dallas Cnty.*, 271 S.W.2d 400, 402 (Tex. 1954) (discussing equitable title). Rather, it is a current "right in the party to whom it belongs to have the legal title transferred to him." *Tanner v. Imle*, 253 S.W. 665, 668 (Tex. Civ. App.—San Antonio 1923, writ dism'd); *see also Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840–41 (Tex. App.—Austin 2004, no pet.), Tex. Att'y Gen. Op. No. GA-0485 (2006) at 3–4 (discussing types of conditions under which a public entity can compel the transfer of legal title). In considering questions of equitable title, "courts look beyond the legal title and examine the facts of a given situation." Tex. Att'y Gen. Op. No. GA-0485 (2006) at 3.

As you point out, the Texas Supreme Court has held, on multiple occasions, that an equitable ownership interest is sufficient to support an entity's claim of property ownership for purposes of a tax exemption. *See* Request Letter at 3 (citing *Galveston Cent. Appraisal Dist. v. TRQ Captain's Landing*, 423 S.W.3d 374 (Tex. 2014), *AHF-Arbors at Huntsville I, LLC v. Walker Cnty. Appraisal Dist.*, 410 S.W.3d 831 (Tex. 2012)). The cases to which you refer, however, do not consider equitable ownership in the particular context of section 11.18. Instead, both cases consider equitable ownership in support of a tax exemption for a community housing development organization under section 11.182. *See Galveston Cent. Appraisal Dist.*, 423 S.W.3d at 376, *AHF-Arbors at Huntsville I, LLC*, 410 S.W.3d at 836. Texas courts of appeals have also recognized the sufficiency of equitable title in the context of a tax exemption for public property under section 11.11. *See Travis Cent. Appraisal Dist.*, 140 S.W.3d at 837; *Sweetwater Indep. Sch. Dist. v. ReCOR, Inc.*, 955 S.W.2d 703, 704 (Tex. App.—Eastland 1997, pet. denied). We are unaware of a case in which a Texas court has directly held that equitable ownership supports a claim of property ownership for a charitable tax exemption under section 11.18. Yet, sections 11.11 and 11.182 were both adopted under the authority of article VIII, section 2, which is the same constitutional provision under which the Legislature enacted section 11.18. *See Harris Cnty. Appraisal Dist. v. Primrose Houston 7 Housing L.P.*, 238 S.W.3d 782, 785 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting that section 11.182 is enabling legislation for article VIII, section 2), *Tex. Dep't of Corrs. v. Anderson Cnty. Appraisal Dist.*, 834 S.W.2d 130, 131 (Tex. App.—Tyler 1992, writ denied) (noting Legislature's adoption of section 11.11 under article VIII, section 2); *see also Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied) (noting that the Tax Code does not define "owner" and utilizing definition of "owner" that incorporated equitable title). For this reason, it is likely that a court would determine the principles of equitable ownership are applicable to an entity seeking a charitable tax exemption under section 11.18.

## S U M M A R Y

It is likely a court would determine that the principles of equitable ownership are applicable to an entity seeking a charitable tax exemption under section 11.18 of the Tax Code.

The determination of whether a property qualifies for a tax exemption under section 11.18 is for the chief tax appraiser and outside the purview of an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee