

# NUMBER 13-20-00511-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUBILEE ACADEMIC CENTER, INC.,                                      Appellant,

v.

CAMERON APPRAISAL DISTRICT,                                          Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Jubilee Academic Center, Inc. (Jubilee) appeals from a summary judgment denying its request for an ad valorem tax exemption. By one issue, Jubilee contends the trial court erred by denying its motions for summary judgment and granting summary judgment in favor of appellee Cameron Appraisal District (CAD) determining that Jubilee lacked equitable title to the property and was not entitled to a tax exemption.

We reverse and render.

## I. BACKGROUND

Jubilee is a non-profit corporation and open-enrollment public charter school in Harlingen, Texas. On November 13, 2018, Jubilee entered a "Build to Suit Lease and Option"[1] to lease property for a campus. Under the lease, Jubilee is obligated to pay and remain current on ad valorem taxes assessed on the property. The lease contains a purchase option clause wherein Jubilee has the option to purchase fee title during the term of the lease. The parties do not dispute that Jubilee has the option to purchase the property.

On March 21, 2019, Jubilee notified CAD that it claimed the property was exempt from ad valorem taxes pursuant to § 11.11 and § 11.21 of the Texas Tax Code. *See* TEX. TAX CODE ANN. §§ 11.11 ("[P]roperty owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes."), 11.21 (providing that qualified school buildings and real property associated with the school are exempt from taxation). CAD denied Jubilee's exemption request, and Jubilee protested to CAD's Appraisal Review Board (the Board).

Following a hearing, the Board denied Jubilee's administrative appeal. Jubilee appealed the Board's decision to the district court. In the trial court, the parties filed competing motions for summary judgment.

Relying on § 12.128 of the education code, Jubilee argued that the property was

---

[1] The landlords are: GRHH Performance Harlingen, LLC, Performance Charter School–Harlingen, LLC, Lincoln James Holdings, LLC, and BJH Investments LLC.

owned by the State or one of its political subdivisions. *See* TEX. EDUC. CODE ANN. § 12.128(a) (providing that "property purchased with funds received by a charter holder" "is considered to be public property for all purposes under state law" and "is property of this state held in trust"). According to Jubilee, it satisfied the ownership requirements of §§ 11.11 and 11.21 because it held equitable title to the property: it was in possession of the property, would acquire full fee title upon payment of the purchase option, and no other conditions existed to prevent it from exercising the purchase option. As evidence, Jubilee attached the lease, its CEO's affidavit, its correspondence to CAD, relevant provisions of the tax code, and the Board's final order denying Jubilee's request. Jubilee filed a supplemental motion for summary judgment.

In its motion for summary judgment, CAD argued that Jubilee is not exempt from taxation because it does not own the property; therefore, § 11.11 and § 11.21 are inapplicable. Following numerous responses and replies to both motions for summary judgments and an oral hearing, the trial court granted CAD's motion for summary judgment and denied Jubilee's motions. Jubilee appealed.

## II.   SUMMARY JUDGMENT

By its sole issue, Jubilee argues that the trial court erred by granting CAD's motion for summary judgment and denying its' motions for summary judgment.

### A.   Standard of Review

Our review of a summary judgment is de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). To be entitled to a traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is

entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018).

**B.    Applicable Law**

The Texas Constitution provides that all real property is subject to taxation unless exempt. TEX. CONST. art. VIII, § 1(b). "Statutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *N. Alamo Water Supply Corp. v. Willacy Cnty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). "Though the legislature is authorized to exempt certain property from taxation, the law does not favor tax exemptions, and courts are not to construe them favorably." *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 585 S.W.3d 530, 533 (Tex. App.—Houston [14th Dist.] 2019) (*Odyssey I*), *aff'd*, 624 S.W.3d 535 (*Odyssey II*). Accordingly, the claimant seeking an exemption bears a heavy burden of proof to clearly show that the claimant falls within the statutory exception. *Id.* 533–34; *see N. Alamo Water Supply*, 804 S.W.2d at 899. "All doubts are resolved against the granting of an exemption." *Odyssey I*, 585 S.W.3d at 534.

"For the exemption to apply, [§] 11.11 requires property used for public purposes

to be *publicly owned* by this State or a political subdivision of this State."[2] *Odyssey I*, 585 S.W.3d at 534; *see* TEX. TAX CODE ANN. § 11.11(a). "Texas courts generally have defined 'ownership' for taxation purposes in terms of the person or entity holding legal or equitable title." *Odyssey I*, 585 S.W.3d at 534; *see Childress County v. State*, 92 S.W.2d 1011, 1015 (1936) (providing that a person who has legal title is the "owner" for taxation purposes); *TRQ Captain's Landing L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 732 (Tex. App.—Houston [1st Dist.] 2006) (explaining that legal and equitable title holders may claim tax exemption), *aff'd*, 423 S.W.3d 374 (Tex. 2014); *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497–98 (Tex. App.— Dallas 2001, pet. denied) (noting that the common meaning of "owner" in the tax code is a person or entity holding legal title or equitable right to obtain legal title to property). Public ownership is a legal status based on facts. *See Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.) (concluding that tax exemption turns on whether the State or a political subdivision held legal or equitable title to the property and is determined based on the facts); *Hays Cnty. Appraisal Dist. v. Sw. Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.—Austin 1998, no pet.) (same).

Equitable title for these purposes includes "the present right to compel legal title." *AHF-Arbors at Huntsville I, LLC v. Walker Cty. Appraisal Dist.*, 410 S.W.3d 831, 837, 839 (Tex. 2012) (defining "equitable title" and holding that it is sufficient to establish ownership

---

[2] Jubilee contends that both requirements are met, and CAD disputes only the ownership requirement.

5

for the purpose of exemptions under the Tax Code); *see also Tex. Dep't of Corr. v. Anderson Cty. Appraisal Dist.*, 834 S.W.2d 130, 131 (Tex. App.—Tyler 1992, writ denied) (holding that where state in possession of property would acquire full legal title upon payment of all lease payments, property was "owned by the state 'no different[ly] from that of any private owner who holds property against which there is an outstanding lien'").

## C.     Discussion

In *Odyssey I*, an open-enrollment charter school leased a property for its campus from a private entity. *Odyssey I*, 585 S.W.3d at 532. The school sought judicial review of an appraisal district's review board denying the school's request for an ad valorem tax exemption. *Id.* at 533. The appellate court affirmed the trial court's granting of summary judgment in the district's favor, holding that "[n]o argument of state ownership can rest on legal or equitable title" as the school "does not argue that the State or a political subdivision has a claim of equitable title to the [p]roperty." *Id.* at 535. Furthermore, the court stated, "[n]othing in the summary-judgment record shows any basis for equitable title." *Id.*

Relying on *Odyssey I*, in *Dallas Central*, the appellate court held that a purchase option within the lease agreement gave the operator the unqualified unilateral right to assume fee title to the property such that "there was no room for reasonable disagreement" about whether it "could have compelled issuance of the title at any time from the effective date of the lease agreement." *Dall. Cent. Appraisal Dist. v. Int'l Am. Educ. Fed'n*, 618 S.W.3d 375, 379 (Tex. App.—Dallas 2020, no pet.). Accordingly, the operator "held equitable title to the [p]roperty so as to be entitled to an exemption from ad

6

valorem taxation" in § 11.11. *Id.*

While this appeal was pending, the Texas Supreme Court affirmed *Odyssey I,* stating that "property leased is not property owned," and therefore the school did not qualify as an owner under § 11.11(a). *Odyssey II*, 624 S.W.3d at 546. The Court recognized that "nothing in [the school's] lease agreement . . . purports to vest title in [the school] or provides a mechanism for it to acquire title." *Id.* at 546. Although the Court realized "the practical undesirability of charter schools using state funds provided for education to pay local taxes," *id.* at 553, the Court opined that some charter schools—as in *Dallas Central*—"structured their leases in different ways that some courts have held qualifies the property for an exemption." *Id.* at 554. Distinguishing between leases with and without purchase options and the effects on equitable title, the Court explained:

> [T]he Dallas Court of Appeals held that when a charter school entered into a lease that included a unilateral purchase option, it acquired equitable title to the property and could claim an exemption under [§] 11.11 of the Tax Code. *Dall. Cent. Appraisal Dist. v. Int'l Am. Educ. Fed'n*, 618 S.W.3d 375, 379 (Tex. App.—Dallas 2020, no pet.). In this case, however, Odyssey is the lessee (indeed the sublessee) rather than the owner, and its lease expressly provides that there is no purchase option. Thus, Odyssey does not hold equitable title to the leased property and is not entitled to an exemption.

*Id.* Contrary to CAD's argument that the effect of a purchase option cannot result in equitable title, *Dallas Central* underscores just that: equitable title through a unilateral purchase option *may* provide a § 11.11 tax exemption. *Id.*; *see also Dallas Central*, 618 S.W.3d at 379 ("[T]he lease contains a purchase option that gave [the school], by unilateral exercise of its own will, the immediate right to compel the transfer of fee title"; therefore, the school "held equitable title to the Property so as to be entitled to an

7

exemption of *ad valorem* taxation . . . .").

In contrast to *Odyssey I* and similar to those facts in *Dallas Central*, the lease here contains a purchase option that gave Jubilee, by unilateral exercise of its own will, the immediate right to compel the transfer of fee title, and the parties do not dispute this fact. *Dallas Central*, 618 S.W.3d at 379; *see Odyssey I*, 585 S.W.3d at 535; Accordingly, relying on *Dallas Central* and *Odyssey I*, we conclude that Jubilee "acquired equitable title to the property and [can] claim an exemption" under § 11.11 of the tax code. *See Odyssey II*, 624 S.W.3d at 554 (noting that the "lease expressly provides that that there is no purchase option"; "[t]hus, Odyssey does not hold equitable title to the leased property and is therefore not entitled to an exemption"). Therefore, the trial court erred when it held that the property was not exempt from taxation. Accordingly, we sustain Jubilee's sole issue.

## III.    CONCLUSION

We reverse the trial court's granting of summary judgment in favor of CAD and render judgment in favor of Jubilee.


JAIME TIJERINA
Justice


Delivered and filed on the
16th day of June, 2022.

8